IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE T. COLER, | ) | |
| ID # 06084872, | ) | |
|     Petitioner, | ) | No. 3:06-CV-2403-B (BH) |
| vs. | ) | ECF |
| | ) | Referred to U.S. Magistrate Judge |
| DALLAS COUNTY JAIL, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, a pretrial detainee currently housed in the Dallas County Jail, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although he purports to challenge a disciplinary proceeding, he indicates that he has not been found guilty of any disciplinary violation, and the listed "Disciplinary case numbers" correspond to state criminal cause numbers. While he primarily complains about his placement in jail housing with aggravated offenders when he has no aggravated charges, he also complains about a denial of effective assistance of counsel because he has not been appointed counsel since his arrival at the Dallas County Jail on October 14, 2006. Petitioner names the Dallas County Jail as respondent.

A habeas petition filed by a pre-trial detainee is properly brought under 28 U.S.C. § 2241, rather than § 2254. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing petition seeking release from pending state criminal proceeding as brought under § 2241 rather than § 2254);

*Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (same). A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). Because inmates have no constitutional right to be housed in a particular prison facility, *see Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000), and because no law or treaty of the United States provides a right to a specific prison housing assignment, petitioner's housing claim presents no claim cognizable under § 2241. Nevertheless, because petitioner contends that he is being unconstitutionally detained prior to trial without appointment of counsel, the Court construes the instant petition as seeking habeas relief from his pretrial detention pursuant to § 2241.[1]

## II. EXHAUSTION

"[T]o be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Based upon the instant federal petition, it is clear that petitioner is in custody but has not exhausted his state remedies.

Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 794, 795 (5th Cir. 1993). In

---

[1] To the extent petitioner seeks to vindicate alleged violations of his civil rights, he must commence a separate civil action pursuant to 42 U.S.C. § 1983. The proper forms for such an action are typically available through the jail law library. If petitioner is unable to procure the forms from the Dallas County Jail, he may formally request the forms from this Court. In light of significant differences between habeas and non-habeas actions, including the applicability of the Prison Litigation Reform Act to a non-habeas action, the Court declines to construe this habeas action as a § 1983 action. Furthermore, petitioner's housing claim presents no proper claim under § 1983 for the same reasons that it presents no cognizable habeas claim. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).

Texas, a prisoner must present his or her claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Montes v. Cornyn*, No. 4:02-CV-790-Y, 2002 WL 31495972, at *3 n.2 (N.D. Tex. Nov. 5, 2002) (order adopting findings and recommendation of magistrate judge). Although Texas provides available avenues to challenge pretrial detention, *see Montes*, 2002 WL 31495972, at *3 n.2 (noting that Tex. Code Crim. Proc. Ann. articles 11.08 and 11.09 provide a state habeas process for challenging pretrial detention of felony and misdemeanor charges); *Lewis v. Bowles*, No. 3:01-CV-0049-M, 2002 WL 307442, at *2 (N.D. Tex. Feb. 21, 2002) (order accepting findings and recommendation of magistrate judge, which noted that a petition for writ of mandamus is an available state remedy to secure a speedy trial), petitioner has pursued no relief in state court related to the matters raised in the instant action, (Pet. ¶¶ 11, 22).

By not pursuing relief through the state system, petitioner has not exhausted his state remedies. A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has presented no claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial pro-

ceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 6th day of January, 2007.**

                                                                IRMA CARRILLO RAMIREZ
                                                                UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                                IRMA CARRILLO RAMIREZ
                                                                UNITED STATES MAGISTRATE JUDGE